## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Barbara M.,<br><br>                   Plaintiff,<br><br>v.<br><br>Andrew Saul,<br>Commissioner of Social Security,<br><br>                   Defendant. | Case No. 18-cv-1749 (TNL)<br><br>**ORDER** |

Fay E. Fishman, Peterson & Fishman, 2915 South Wayzata Boulevard, Minneapolis, MN 55405 (for Plaintiff); and

Michael A. Moss, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Mailroom 104, Dallas, TX 75202 (for Defendant).

## I. INTRODUCTION

On September 27, 2019, the Court granted in part and denied in part Plaintiff Barbara M.'s motion for summary judgment, granted in part and denied in part Defendant Andrew Saul's ("the Commissioner") motion for summary judgment, and remanded this matter to the Social Security Administration for further proceedings. *See generally Barbara M. v. Saul*, No. 18-cv-1749 (TNL), 2019 WL 4740093 (D. Minn. Sept. 27, 2019). This matter now comes before the Court on Plaintiff's petition for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Pet. for Att'y Fees, ECF No. 17).

1

## II. ANALYSIS

Under the EAJA, "a party who prevails in a civil action against the United States—including a lawsuit seeking judicial review of administrative action—shall be awarded fees and expenses 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Rapp v. Colvin*, No. 12-cv-2473 (PJS/TNL), 2014 WL 5461889, at *1 (D. Minn. Oct. 27, 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner does not assert that either of these exceptions applies. Rather, the Commissioner objects to the amount of fees requested and argues that some of the time spent was unreasonable.

Plaintiff seeks compensation for a total of 55.7[1] hours of legal work performed by her attorney. The Commissioner contends that this is "well above the average EAJA award in Social Security disability cases of 20 to 40 hours." (Def's Opp'n. at 3 (citing *Brown v. Colvin*, 16 F. Supp. 3d 1051, 1058 (D. Neb. 2014); *Nelson ex rel. M.K.N.B. v. Astrue*, No. 10-cv-4001 (JNE/TNL), 2011 WL 6987176, at *4 (D. Minn. Dec. 23, 2011); *Coleman v. Astrue*, No. C05-3045-PAZ, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)), ECF

---

[1] The work took place in 2018 and 2019. (Ex. to Aff. of Fay E. Fishman, ECF No. 19-1). The work in 2018 is billed at a rate of $201.60 per hour and the work in 2019 is billed at a rate of $204.25 per hour. (Pet. For Atty' Fees ¶ 9). These rates were calculated using the United States Department of Labor's Consumer Price Index as proof that cost of living has increased since the statutory rate of $125 per hour was set. (Pet for Att'y Fees ¶ 9). *See* 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). This method of rate calculation is favored by the Eighth Circuit Court of Appeals, *see, e.g.*, *Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990), and the rates requested are not contested.

No. 20). The Commissioner maintains that 36.9[2] hours of attorney time is appropriate for this matter and any additional time was not reasonably expended.

The Commissioner has cited cases that could be read as establishing an average or upper limit for compensable hours. Yet, in every case, the Court considers the particular facts, complexity of the case, and the type of work performed. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("The amount of the fee, of course, must be determined on the facts of each case."). The Court may use its discretion to reduce the time requested, excluding hours not reasonably expended. *See id.* at 436-37 ("The court necessarily has discretion in making this equitable judgment."). Broadly speaking, the Commissioner challenges time spent preparing for and initiating this action, briefing Plaintiff's motion for summary judgment, and petitioning for attorney fees. It is Plaintiff's burden to show the hours expended are reasonable. *Id.* at 437.

### A. Preparing for & Initiating This Action

The Commissioner challenges the 4.7 hours Plaintiff's counsel spent reviewing the file in preparation for bringing this action and the 2.7 hours counsel spent preparing the summons and complaint.

Recognizing that the administrative record in this case is longer than most, the Commissioner points out that Plaintiff's counsel represented her at the agency level, and contends that counsel "was [therefore] already well familiar with the evidence and issues" and in fact "outlined and addressed essentially the same alleged errors to the Appeals

---

[2] This figure was based on the 51.8 hours initially requested and did not account for the additional 3.9 hours Plaintiff's counsel spent preparing her reply. (Def.'s Opp'n at 3, 5; Pl.'s Reply at 5, ECF No. 21).

Council that she again raised before this Court." (Def's Opp'n at 4). The Commissioner contends that this prior familiarity with the case—as opposed to being retained subsequent to the agency proceedings—renders unreasonable the 4.7 hours spent reviewing the file and this time should be reduced to 2.0 hours.

While Plaintiff's counsel was indeed familiar with the record from her prior involvement, the record in this case was over 2,000 pages long. Almost two years passed between the hearing before the administrative law judge and the filing of this action. In those two years, Plaintiff's counsel, among other things, "represented many claimants in matters before the Social Security Administration" as well as claimants in other actions in federal district court. Courts frequently award compensation under the EAJA for time counsel spent to familiarize him or herself with the administrative proceedings. *See, e.g.*, *Anderson v. Comm'r of Soc. Sec.*, No. 18-CV-24-LRR, 2019 WL 5586549, at *3 (N.D. Iowa June 21, 2019); *Evans v. Berryhill*, 298 F. Supp. 3d 1210, 1213 (D. Minn. 2018); *Dimond v. Berryhill*, No. 16-cv-322 (BRT), 2017 WL 4898509, at *2 (D. Minn. Sept. 22, 2017). It is reasonable for Plaintiff's counsel to spend some time refamiliarizing herself with the case considering the size of the record and the significant passage of time between one stage of representation and the next. The Court finds that 3.5 hours is reasonable for this work and reduces the time requested by 1.2 hours.

As for the drafting of the summons and complaint, the complaint in this case was four pages long and not particularly complex. Consequently, the 2.7 hours requested is reduced by 1.2 hours, and 1.5 hours is awarded.

### B. Briefing Plaintiff's Motion for Summary Judgment

The Commissioner also challenges the 33.9 hours Plaintiff's counsel spent briefing Plaintiff's motion for summary judgment based on the familiarity with the issues and record counsel gained during representation at the agency level. The Commissioner contends this amount should be reduced by 8.9 hours for a total of 25.0 hours.

The thrust of the Commissioner's argument is that Plaintiff's counsel essentially raised the same arguments to this Court that were previously raised to the Appeals Council. Preparing the summary-judgment memorandum, however, required Plaintiff's counsel to thoroughly review the administrative record and research the issues. Plaintiff's counsel could not simply rely on the letter seeking review from the Appeals Council. (Tr. 181-83). As stated by Plaintiff's counsel, this letter "involve[d] only the identification of issues, not the thorough discussion of medical records, citation to case law, and analytic argument" contained in a legal memorandum. (Pl.'s Reply at 2). Briefing the motion for summary judgment required legal research and argumentation beyond the level necessary for the Appeals Council. At the same time, the Court finds 32.0 hours to be reasonable for the work in this case and reduces the requested amount by 1.9 hours.

### C. Petitioning for Attorney Fees

Finally, the Commissioner challenges the time Plaintiff's counsel spent preparing the fee petition. Without citation to any authority, the Commissioner contends that "no more than 1.0 to 2.0 hours [is] typically requested" for preparing the petition. (Def.'s Opp'n at 5).

5

Considering the detail and thoroughness of the petition and supporting memorandum, the Court finds that 4.0 hours is reasonable for their preparation. For the same reasons, the Court likewise finds that 3.0 hours is reasonable for the preparation of the reply. The Court will thus reduce the collective 8.0 hours requested by 1.0 hour for a total of 7.0 hours.

### D. Conclusion

In sum, the Court finds that 50.4 hours is reasonable in this matter, and awards $10,179.19. [3]

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Petition for Attorney's Fees (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART.**

2. Plaintiff is awarded $10,179.19 in reasonable attorney fees, subject to offset by any preexisting debt that Plaintiff owes to the United States.

Date: May   26   , 2020                              *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Barbara M. v. Saul*
                                                    Case No. 18-cv-1749 (TNL)

---

[3] A total of 43.4 hours will be awarded at the 2018 rate of $201.60, *see supra* n.1, amounting to $8,749.44. A total of 7.0 hours will be awarded at the 2019 rate of $204.25, *see supra* n.1, amounting to $1,429.75. Together, the cumulative total awarded for all work is $10,179.19.